UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH KNAPP,

    Plaintiff,

v.                                          CASE NO. 8:05-CV-832-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her claim for a period of disability and Disability Insurance Benefits ("DIB").[1] Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) improperly discounting her credibility; 2) failing to give weight to the side effects of her medication; and 3) failing to consider her mental impairments as severe. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

    Plaintiff, who was fifty-one years old at the time of the administrative decision, alleges a disability onset date of December 1, 2000, primarily due to neck and back pain, although she also testified to treatment for panic attacks. She has a high school education along with one year of college and technical school, and past relevant work as a scheduler, admissions worker, cashier, and medical assistant. Plaintiff filed application for benefits on July 12, 2001. After these applications

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

were denied initially and on reconsideration, Plaintiff requested an administrative hearing. An administrative hearing was held on April 22, 2003, and the ALJ issued a decision denying Plaintiff benefits. The Appeals Court denied review, and Plaintiff filed this action. The case is now ripe for review.

*Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Commissioner must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his

prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. Whether the ALJ improperly discounted Plaintiff's credibility.*

Plaintiff claims the ALJ failed to properly evaluate her subjective complaints of pain. Defendant contends that the ALJ properly discounted Plaintiff's credibility. The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. *Holt v. Sullivan*, 921 F.2d 1221, 1222 (11th Cir. 1991). This standard requires evidence of an underlying medical condition and either

(1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986). When the ALJ decides not to credit a claimant's testimony as to his pain he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

The ALJ determined that Plaintiff suffers from medical impairments that are reasonably expected to cause pain, but not to the extent Plaintiff alleges. The ALJ found that Plaintiff's daily activities belied her complaints. She cares for her fiance's child, performs light household chores, and does laundry. R. 26. The ALJ opined that none of the medical evidence is consistent with the level of pain Plaintiff describes. He found her constant complaints of pain incredulous based on the heavy medication she takes. R. 26. Notably, her treatment has been relatively conservative in proportion to the level of excruciating pain she alleges. R. 26. In light of all this, it is clear that the ALJ's decision to discount Plaintiff's credibility was correct.

*2. Whether the ALJ failed to consider the side effects of Plaintiff's medications.*

Plaintiff contends that the ALJ ignored Plaintiff's testimony that the her medication causes her to be very tired and nap one to two hours per day. As the Commissioner stated in her memorandum of law, however, the Plaintiff failed to report any side effects to her treating doctor. Failure to report side effects to treating doctors and the absence of physician concern about side effects is substantial evidence that the side effects alleged are not significant. *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). Thus, I find the ALJ did not err in this regard.

*3. Whether the ALJ failed to consider Plaintiff's mental impairments as severe.*

4

Plaintiff contends that the ALJ failed in determining that Plaintiff's depression and anxiety were not severe impairments. Defendant argues that the ALJ correctly found that Plaintiff's mental impairments were not severe. The Eleventh Circuit has held "a claimant's impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also* 20 C.F.R. §§404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.")

The ALJ determined that Plaintiff's alleged mental impairment was not severe enough to affect her ability to work. This finding is supported by substantial evidence. Upon review of the medical records, it is clear that no doctor diagnosed Plaintiff with a severe mental impairment. Plaintiff points to a report from Dr. Tan in which he noted that she was very depressed and crying and another report where he states her depression was getting "progressively worse." R. 282, 332. However, when read in its entirety, Dr. Tan's report does not describe a mental impairment which could be labeled as severe. He simply advised Plaintiff to get a second opinion from a psychiatrist regarding her request for a higher dosage of Xanax. R. 332. She also cites to a report of Dr. Fried, a clinical psychologist, in which he opined that she suffered from moderate levels of depression and severe levels of anxiety. R. 171-172. However, he also noted that Plaintiff was alert and cooperative, she spoke clearly and did not appear confused, she appeared to be in a "good, happy mood," and she denied any thoughts of suicide. Therefore, based on the entirety of his findings, he recommended that Plaintiff continue taking her medications and receiving medical treatment. He

also thought Plaintiff should be receiving mental health treatment. While these doctors noted that Plaintiff suffers from some degree of depression and there are mild restrictions on her functional abilities, there is no indication from Dr. Tan's or Dr. Fried's reports, that she could not perform work-related activities. Therefore, I find the ALJ's decision regarding the non-severity of Plaintiff mental impairments to be supported by substantial evidence.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 16th day of August, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record